402 A.2d 1171

Edward F. Burke *et al. vs.* New England
Telephone & Telegraph Company.

JUNE 20, 1979.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J.   This is a public utility case. The case is before us on a petition for a writ of certiorari by Edward F. Burke (petitioner) pursuant to General Laws 1956 (1977 Reenactment) §39-5-1, seeking review of the "Second Supplementary Report and Order of the Public Utilities Commission" (the commission) of September 4, 1977, in *In re: Tariff Made by the New England Telephone & Telegraph Company on August 30, 1974,* Docket No. 1170 (Docket 1170). The original filing by the New England Telephone & Telegraph Co. (the company) requested an increase in annual revenues of approximately $19.5 million. The request was premised on the company's analysis of its operations for the twelve-month test year ending June 30, 1974.

A substantial portion of the requested revenue increase, approximately $2.8 million, was claimed as a necessary offset to what the company foresaw as future "erosion" of its earnings because of inflation. This proposed erosion adjustment was calculated as the return and taxes necessary to support the estimated increase in average net investment (rate base) over the twelve-month period following the end of the test year. That is, the company estimated that its average rate base for the twelve-month period ending June 30, 1975, would be approximately $12.8 million greater than its actual rate base for the test year that ended June 30, 1974. It computed the return requirement on this additional investment by multiplying by the requested overall return of 10.4 percent the additional revenues required to support that return plus associated federal income and gross earnings taxes to make up the $2.8 million proposed adjustment.

On June 27, 1975, the commission issued its report and order with respect to the company's request. Therein the

commission found, *inter alia,* that the proper rate of return for the company was not 10.4, but 8.72 percent, and that the proposed erosion adjustment was "too conjectural and speculative to warrant its adoption in this proceeding." The commission instead provided for erosion by allowing the company an additional return on rate base, over and above the cost of capital, of 0.3 percent. The revenue impact of the adjustment was approximately $1.16 million after allowance for taxes.

The company sought review of the commission's order by this court pursuant to G.L. 1956 (1977 Reenactment) §39-5-1. On May 20, 1976, this court issued its opinion on that review. *New England Telephone & Telegraph Co.* v. *Public Utilities Commission,* 116 R.I. 356, 358 A.2d 1 (1976). The court held, *inter alia,* that the commission had failed to provide adequate evidentiary basis for its conclusions both with respect to the allowed rate of return and the allowed erosion adjustment. These issues, as well as others of no interest to this proceeding, were remanded to the commission in order for it to further review the record, and to take of such supplemental testimony as might be required to allow meaningful consideration of the remanded issues.

The commission held further hearings on the remanded issues beginning August 23 and concluding on September 29, 1976. On December 10, 1976, the commission issued its "Supplementary Report and Order" in the remand proceedings. Therein, the commission adhered to its use of the same test year as was utilized in its original report and order in Docket 1170. The company had requested that the period ending March 31, 1976, be utilized. The commission concluded that the company's cost of equity was 11.53 percent. This figure, incorporated into the company's capital structure for 1975, yielded an overall rate of return of 8.67 percent. With respect to the requested erosion adjustment, the commission adopted the company's methodology as presented in the original filing: addition of the twelve-month increase in average net investment following the end of the

test year. Since actual data were now available, the commission did not use the company's prior estimate of $12.8 million. Rather, the commission computed the *actual* increase in average net investment from June 30, 1974, to March 31, 1976. The annual rate of increase of rate base over this period, $13,290,000, was used as the basis of the erosion adjustment. Application of the allowed return to this figure yielded additional earnings of approximately $1.15 million; the revenue increase, after allowance for federal income and gross earnings taxes, was approximately $2.4 million. The additional revenues allowed by the commission amounted to $742,000 annually.

The company again sought review in this court, claiming primarily that the commission had abused its direction in not using the March 31, 1976, test year as the basis for its decision. It also sought a "stay" of the commission's report and order, so that its originally filed rates would become effective during pendency of the review proceedings. On January 18, 1977, this court granted the company's motion for stay in part. The court allowed the company, in addition to the amount awarded by the commission, $8,984,000 in increased annual revenues. The additional revenues were stated by the court to represent what the company would have been awarded had the commission applied its findings to the company's motion for stay in part. The court allowed the company, in addition to the amount awarded by the commission, $8,984,000 in increased annual revenues. The additional revenues were stated by the court to represent what the company would have been awarded had the commission applied its findings to the company's most recent experience. The additional revenues were allowed under bond, subject to refund, and without prejudice to the commission's rights to contest the validity of the use of the updated test year. *New England Telephone & Telegraph Co. v. Public Utilities Commission*, 118 R.I. 570, 376 A.2d 1036 (1977).

On July 12, 1977, this court issued its opinion in the second review proceeding in Docket 1170 wherein we remanded the

case and directed the commission to recalculate the erosion adjustment and rate of return allowed by the commission in its "Supplementary Report and Order" of December 10, 1976. *New England Telephone & Telegraph Co.* v. *Public Utilities Commission*, 118 R.I. at 595, 376 A.2d at 1053.

In its "Second Supplementary Report and Order" issued on September 4, 1977, the commission found:

(1) During the period ending September 4, 1977, the company experienced erosion of its earnings caused by the impact of inflation;

(2) Based on the test period, twelve months ending July 31, 1976, the capital structure at that date, and the permissible rate of return authorized in Docket 1170 (8.86 percent), the company experienced an earnings' deficiency of $2,736,000 above the Docket 1170 rate;

(3) The full revenue effect of Docket 1170 rates was required to be collected by the company to offset the effect of erosion for the period ending September 4, 1977.

The commission ordered that the company be authorized to collect the full amount of revenues sought to be collected in Docket 1170 and also ordered that no revenue collected under bond since January 18, 1977, should be refunded. The commission further ordered that the company's collection of such additional revenue should no longer be subject to bond.

On September 4, 1977, the commission issued the "Second Supplementary Report and Order" in Docket 1170 along with a report and order in Docket No. 1251 (Docket 1251) concerning a new general rate increase filing made by the company on November 5, 1976. The commission in recalculating the erosion adjustment in Docket 1170 used the best year employed in Docket 1251 (July 31, 1976). It is the use of this test year that is objected to by petitioner.

The petitioner contends that the commission in its "Second Supplementary Report and Order" failed to properly follow our directive in *New England Telephone & Telegraph Co.* v. *Public Utilities Commission*, 118 R.I. 570, 376 A.2d 1041

(1977), and that consequently the erosion adjustment is excessive. The petitioner further argues that the alleged excessive revenues collected from January 18 to September 4, 1977, should be refunded to the company's customers.

In *New England Telephone & Telegraph Co.* v. *Public Utilites Commission*, 118 R.I. 570, 376 A.2d 1041 (1977), we established the guidelines that the commission must follow in considering a remand of a rate case, as follows:

> "where an erosion allowance has been determined to be erroneous and must be corrected on remand, the commission should compare the original erosion allowance to the actual subsequent experience of the company and correct the allowance accordingly; however, the remainder of the commission's decision on remand should in general relate back to the figures used in the original hearing.
>
> * * *
>
> "We repeat that what is a reasonable use of post test year data may vary from case to case. If, for example, a remand hearing were held an extraordinarily long time after the original hearing, the commission might reasonably decide that it was procedurally simpler to consider a new test year on remand." *Id.* at 586, 376 A.2d at 1049.

In *Providence Gas Company* v. *Burman*, 119 R.I. 78, 376 A.2d 687 (1977), we restated the proper method for calculation of an erosion adjustment. The petitioner argues that the commission should have considered the erosion adjustment allowance on the company's requested test year ending March 31, 1976. As it happened, while this case was pending, a new tarriff, Docket 1251, had been filed by the company with the commission. In that case the test-year period adopted ended July 31, 1976. The commission on remand compared its original prognostications of erosion in Docket 1170 with the company's actual experience through July 31, 1976.

The petitioner first asserts that the commission erred in employing a later test year than that ending June 30, 1974, employed in the original Docket 1170 proceeding (June 30, 1974). As stated above, we said that the use of a later test year in a remand for reconsideration of erosion would be appropriate when the remand is held a long time after the original hearing. Here, the commission compared the actual performance of the company during the erosion period with its earlier projection on the basis of the test year ending July 31, 1976, the test year adopted for Docket 1251, and found a revenue deficiency above the full Docket 1170 rates of approximately $2,736,000. The record contains the method used by the commission to arrive at this deficiency.[1] We have examined the record and have found evidence to sustain the commission's findings and have concluded that it is a reasonable method of computing the deficiency. Thus, it appears to us that the commission followed our directive when it employed the test year used in Docket 1251 to measure the company's erosion.

The petitioner also asserts that the commission erred when it looked at the company's experience beyond the date revenues were to be collected under bond.

In *New England Telephone & Telegraph Co.* v. *Public Utilities Commission,* 118 R.I. 570, 376 A.2d at 1051 (1977), we stated:

> "So long as the erosion adjustment is going to be updated, there is no reason for arbitrarily limiting it to a one year period. In accord with the standards of reasonableness we have set out, the commission should have made an erosion adjustment on remand which comported with the actual figures up to the time of the remand, and, in addition, reflected the expected erosion for a foreseeable period in the future."

The commission chose, in view of the fact that over three

---

[1] The commission adopted the testimony of Mr. John O'Neill, the company's general accounting manager, which testimony represented a comparison of the company's actual results with the erosion allowance in question.

years had elapsed between the test period originally proposed in Docket 1170 and the proceeding following our second remand, to utilize the test period which the commission had explored exhaustively in Docket 1251. The commission thereby compared its original prognostications of erosion and the company's actual experience through July 31, 1976. This method adopted by the commission reflected the expected erosion for a foreseeable period in the future and was clearly in accordance with the guidelines set forth in *New England Telephone & Telegraph Co.* v. *Public Utilities Commission*, 118 R.I. 570, 376 A.2d 1041 (1977).

We therefore reject the petitioner's contention that the commission failed to follow our directive in making an erosion adjustment and find that the commission properly determined that the company was authorized to collect the full amount which had been permitted under bond for the period January 18, 1977 to September 4, 1977, in order to offset the effects of erosion. We also sustain the commission's order that no revenue collected under bond since January 18, 1977, should be refunded.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to us are ordered returned to the commission with our decision duly endorsed thereon.

*Dennis J. Roberts II*, Attorney General, *R. Daniel Prentiss, Gregory L. Benik*, Special Assistant Attorneys General, for petitioners.

*Tillinghast, Collins & Graham, Peter J. McGinn, Mark A. Pfeiffer, Richard W. Blackburn*, of counsel, for respondent.